IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ARIEL A. ADLA, ) | |
| a.k.a., RE'NAUL M. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:05-CV-899-F |
| ) | |
| HOUSTON COUNTY ) | |
| COMMISSIONERS, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On September 21, 2005, Ariel A. Adla, a state inmate and frequent litigant in this court, filed a motion for leave to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C. § 1915(a).[1] Under the directives of 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[2]

---

[1] Adla is presently confined in the Fountain Correctional Facility.

[2] In *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."

The records of this court establish that Adla, while incarcerated or detained, has on at least four occasions had 42 U.S.C. § 1983 cases dismissed as frivolous, malicious, for failure to state a claim and/or for asserting claims against defendants who were immune from suit pursuant to the provisions of 28 U.S.C. § 1915.  The cases on which the court relies in finding a violation of the directives of § 1915(g) are as follows:  (1) *Adla v. Glover*, Civil Action No. 04-F-171-S (M.D. Ala. 2004), (2) *Adla v. Bowers, et al.*, Civil Action No. 04-T-111-S (M.D. Ala. 2004), (3) *Johnson v. Ellison, et al.*, Civil Action No. 98-D-1360-N (M. D. Ala. 1999), and (4) *Johnson v. Young, et al.*, Civil Action No. 97-T-1211-N (M. D. Ala. 1998).

In the instant civil action, Adla complains that county jail personnel violated his constitutional rights during previous periods of confinement in the Houston County Jail. Specifically, Adla asserts that defendant Fitzgerald used excessive force against him in July of 2005.  *Plaintiff's Complaint* at 5.  He further argues that from October 3, 2003 until March of 2004, defendants Davis and Turner failed to protect him from sexual harassment from other inmates.  *Id*. at 6-7.  Additionally, Adla contends that from October 3, 2003 until October 21, 2004, the defendants failed to provide appropriate medical treatment for his "Gender Dysphoria - Transsexual Type" and did not maintain adequate security in the jail. *Id*. at 8.  At the time Adla filed this complaint, he was not incarcerated in the Houston County Jail.  Consequently, the complaint fails to demonstrate that Adla was "under imminent danger of serious physical injury" at the time he filed the instant complaint as is

required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189 (11th Cir. 1999).

Based on the foregoing, the court concludes that the plaintiff's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Adla failed to pay the requisite $250 filing fee upon the initiation of this cause of action.[3] *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002)(emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit.").

## CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by the plaintiff on September 21, 2005 (Court Doc. No. 4) be and is hereby DENIED. Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the full filing fee upon the initiation of this case.

---

[3] Adla is well aware of the requirement that he submit payment of the filing fee upon initiation of a 42 U.S.C. § 1983 action as this the sixth such case filed by Adla in which this court has relied on the provisions of 28 U.S.C. § 1915(g) to deny his request for leave to proceed *in forma pauperis*. *See Adla v. Houston County Jail, et al.*, Civil Action No. 04-T-110-S (M.D. Ala. 2004); *Adla v. Spiegner, et al.*, Civil Action No. 04-F-164-S (M.D. Ala. 2004); *Adla v. Glover, et al.*, Civil Action No. 04-A-181-S (M.D. Ala. 2004); *Adla v. City of Dothan, Alabama, et al.*, Civil Action No. 04-F-258-S (M.D. Ala. 2004); and *Adla v. State of Alabama*, Civil Action No. 04-A-269-S (M.D. Ala. 2004).

It is further

ORDERED that on or before October 10, 2005 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this day 26th of September, 2005.


/s/ Delores R. Boyd
UNITED STATES MAGISTRATE JUDGE